[L. A. No. 11366. In Bank.—December 29, 1931.]

CARRIE M. BEATTY et al., Appellants, v. EUGENIA M. HOOPER et al., Respondents.

Emmons, Aldrich & Mack for Appellants.

Harvey & Heard for Respondents.

THE COURT.—This is an action to have a trust declared in certain real property and to terminate the same. On March 30, 1905, Mrs. Chetwood, one of the plaintiffs, conveyed the property to defendant Thomas R. Hooper, who was

and still is the husband of her daughter, defendant Eugenia Hooper. The deed was absolute in form. Mrs. Chetwood and three other daughters bring this action, claiming that at the time of the conveyance Thomas Hooper orally promised to hold all oil and minerals therein contained in trust for plaintiffs. It was further alleged that defendant Hooper held the legal title without repudiation of the trust until January 24, 1925, when he conveyed it to his wife, defendant Eugenia Hooper, without consideration; and that she had full knowledge of the trust. In June, 1926, plaintiffs demanded a conveyance to each of an undivided one-fourth interest in the oil and minerals, which was refused.

Upon the trial, the court found that there was no such promise on the part of defendant Thomas Hooper, and that the property had been conveyed in fee simple by plaintiff Mrs. Chetwood to said defendant either in consideration of love and affection, or upon the consideration that he pay certain sums to his wife, which sums were paid. The court also found that an oral reservation of oil and mineral rights was made by the grantor, but that defendant Eugenia Hooper had no knowledge thereof. The conclusion of the court was that plaintiffs had no interest in the property, and that the action was, moreover, barred by the statute of limitations.

Plaintiffs' appeal is based upon the claim that the evidence is insufficient to support the findings. The testimony is in substantial conflict and the findings cannot be disturbed. Nothing is said by plaintiffs about the conclusion of the court that the action was barred by limitations, and since they thus tacitly concede the point, their appeal is wholly without merit.

The judgment is affirmed.